In the Matter of the Claim of JOSEPH ROMINES, Respondent, v MILLAR ELEVATOR INDUSTRY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 3, 1977

*Robert T. Cherry (Daniel Powell* of counsel), for appellants.

*Joseph Romines,* respondent *pro se.*

*Louis J. Lefkowitz, Attorney-General (Henriette Frieder* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

SWEENEY, J. It is conceded that on December 4, 1971 claimant sustained a compensable myocardial infarction due to his work activities which required heavy lifting. It is undisputed that claimant was under continual medical treatment from that time until May 23, 1972 when, because of continuous symptoms of heart damage, a successful by-pass surgery was performed and claimant was able to return full time to work on July 31, 1972. The board found that based on the medical evidence claimant's disability, hospitalization and surgery on May 23, 1972 were the natural result of this incident of December 4, 1971 and causally related thereto.

On this appeal we are concerned only with the award for the coronary by-pass surgery and resultant disability from May 23, 1972 to July 30, 1972. It is appellants' contention that there is a failure of substantial evidence to support a finding that the surgery was causally related to the coronary incident of December 4, 1971. Specifically, appellants contend that the condition for which claimant was operated on predated the myocardial infarction. There is medical testimony to sustain that fact. We, however, must consider the record in its entirety. The record demonstrates that claimant, aged 31, was never treated for a heart condition or hypertension prior to

the incident in question. Furthermore, Dr. Green answered in the affirmative when asked whether the events that followed the incident of December 4, 1971 "was a reasonable natural sequence of the first treatment when he was seen by Dr. Audi" (the doctor who first treated claimant). While the testimony of Dr. Green could have been more precise, we are of the view that, considering the record in its entirety, there is substantial evidence to sustain the board's determination.

The decision should be affirmed, with costs to the Workmen's Compensation Board.

GREENBLOTT, J. P., MAIN, LARKIN and HERLIHY, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.